**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FLORENCE ZABOKRITSKY, | **Civil Action No. 19-cv-00273-TJS** |
| Plaintiff, | |
| v. | |
| JETSMARTER, INC., | |
| Defendant. | |

**DEFENDANT JETSMARTER, INC.'S REPLY MEMORANDUM OF
LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS
AND COMPEL ARBITRATION**

**GORDON REES SCULLY MANSUKHANI LLP**
Ronald A. Giller (Pa. I.D. No. 308588)
Daniel J. DiMuro (Pa. I.D. No. 318126)
Three Logan Square
1717 Arch Street, Suite 610
Philadelphia, PA 19103
Tel: (215) 561-2300
Fax: (215) 693-6650
E-mail: rgiller@grsm.com
E-mail: ddimuro@grsm.com
*Attorneys for Defendant
JetSmarter, Inc.*

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 3

    I.    The Court is Not the Proper Forum to Decide the Issue of Arbitrability ............... 3

    II.    Plaintiff Accepted an Agreement to Arbitrate ......................................................... 4

    III.    The Arbitration Provision is Not Unconscionable................................................... 7

    IV.    Alternatively, a Stay of This Action is Appropriate ............................................. 10

CONCLUSION......................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**CASES**                                                                                                                            **PAGE**

*Affinity Internet, Inc. v. Consol. Credit Counseling Servs.*,
    920 So. 2d 1286 (Fla. Dist. Ct. App. 2006) .................................................................. 7

*Bacon v. Avis Budget Grp., Inc.*,
    2017 U.S. Dist. LEXIS 88868 (D.N.J. June 9, 2017) ........................................................ 6

*Beture v. Samsung Elecs. Am., Inc.*,
    2018 U.S. Dist. LEXIS 121801 (D.N.J. July 18, 2018) .................................................. 5-6

*Black v. JP Morgan Chase & Co.*,
    2011 U.S. Dist. LEXIS 99428 (W.D. Pa. Aug. 25, 2011) .................................................. 9

*Clerk v. First Bank*,
    735 F. Supp. 2d 170 (E.D. Pa. 2010) ................................................................................. 7

*Dakota Foundry, Inc. v. Tromley Indus. Holdings*,
    2012 U.S. Dist. LEXIS 1540 (D.S.D. Jan. 5, 2012) ........................................................... 7

*Defillipis v. Dell Fin. Services*,
    2016 U.S. Dist. LEXIS 11271 (M.D. Pa. Jan. 29, 2016) .................................................... 5

*Denlinger, Inc. v. Dendler*,
    415 Pa. Super. 164 (Pa. Super. Ct. 1992) ........................................................................ 10

*Elias Auto Sales, Inc. v. Credit Acceptance*,
    2015 Pa. Dist. & Cnty. Dec. LEXIS 98 (C.P. Aug. 10, 2015) ......................................... 10

*Gay v. CreditInform*,
    511 F.3d 369 (3d Cir. 2008) ............................................................................................. 10

*Grimm v. First Nat'l Bank*,
    578 F. Supp. 3d 785 (W.D. Pa. 2008) ............................................................................ 8-9

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
    202 L.Ed.2d 480 (U.S. 2019) ......................................................................................... 3-4

*Lopresti v. Electro-Films, Inc.*,
    1992 U.S. Dist. LEXIS 17446 (E.D. Pa. Oct. 19, 1992) ............................................... 4 n.3

*O'Shea v. Direct Fin. Sols., LLC*,
    2007 U.S. Dist. LEXIS 90079 (E.D. Pa. Dec. 5, 2007) ..................................................... 8

## **TABLE OF AUTHORITIES** (Continued)

*Quiles v. Fin. Exch. Co.*,
      879 A.2d 281 (Pa. Super. Ct. 2005) ................................................................................. 7

*Rent-A-Center, W., Inc. v. Jackson*,
      561 U.S. 63 (2010) ............................................................................................................ 4

*Salley v. Option One Mortg. Corp.*,
      925 A.2d 115 (Pa. 2007) ............................................................................................ 8, 10

*Witmer v. Exxon Corp.*,
      434 A.2d 1222 (Pa. 1981) .............................................................................................. 10

**PRELIMINARY STATEMENT**

Plaintiff fails to overcome the vast weight of authority enforcing arbitration provisions in electronic clickwrap agreements as she simply avoids attempting to even distinguish this body of authority contained in the moving papers.  Likewise, she fails to contend that the language of the arbitration provision at issue **is not** enforceable, that the scope of the provision **does not** encompass all claims in this action, or that the arbitration provision **does not** contain a valid delegation clause.  These failures ultimately prove fatal to her position.

While Plaintiff does submit a declaration in opposition and actually admits to downloading and registering the JetSmarter App, the statements **not** contained in her declaration are what is most telling.  In connection with her initial download and registration of the JetSmarter App, she **does not** deny: (1) the specific process discussed in the supporting Kirsanov Moving Decl. in connection with downloading and registering the JetSmarter App; (2) the fact that the process provided various hyperlinks to the "Terms of Use" that the member could access; (3) the fact that the registration screen displayed the following text: "I agree to Terms of Use and Privacy Policy"; (4) that the phrases "Terms of Use" and "Privacy Policy" were red hyperlinks that a user could have clicked on to access the Terms of Use and JetSmarter's Dispute Resolution provision; (5) that the final registration screen required the user to "swipe" a white "button" next to the phrase "I agree to Terms of Use and Privacy Policy" in order to register the App; or (6) that she did not actually swipe the white "button" when she registered the App.

For her 2018 renewal, she **does not** deny: (1) acknowledging and accepting the terms and conditions of the membership agreement by clicking on the checkbox located on the Membership Terms Confirmation Page; (2) the actual existence of the hyperlinks to the membership agreement located on that document; or (3) that the document contained language indicating the following:  "BY ACCEPTING THE TERMS AND CONDITIONS OF THE

1

MEMBERSHIP AGREEMENT, MEMBER WILL GAIN ACCESS TO JETSMARTER'S SERVICE". *See* Zabokritsky Decl. in Opp.; *see also* Kirsanov Moving Decl. at Ex. 8.

All of these intentional omissions – Plaintiff is a sophisticated attorney barred in both New York and Pennsylvania who has been practicing law for nearly 20 years – are of the utmost importance. Plaintiff's only purported defense in an effort to dissuade this Court from compelling arbitration is that: (1) she provided payment to JetSmarter prior to registering the JetSmarter App and prior to affirmatively clicking on the checkbox located on the Membership Terms Confirmation Page in connection with her renewal; (2) she never read the Terms of Use or any of the membership agreements; and (3) she had entered into an oral agreement regarding her membership terms prior to formally registering the JetSmarter App.

Even if true, none of these alleged acts would provide a defense or basis to not enforce the arbitration provision. First, it is well-settled that actually reviewing the agreements is not a requirement for the enforcement of a clickwrap agreement. Second, providing payment prior to registering the JetSmarter App or clicking on the checkbox agreeing to the membership terms is simply not a bar to the enforceability of the arbitration provisions.

Plaintiff also claims that the terms of the arbitration agreement are unconscionable; however, as discussed below, the provision is clearly not **both** procedurally and substantively unconscionable and this argument can be easily dismissed as well.

Additionally, as detailed in the accompanying Gushue Reply Decl., on April 2, 2019, in a related matter pending in the United States District Court for the Eastern District of Wisconsin entitled: *Abraham v. JetSmarter, Inc.*, the court issued a decision granting JetSmarter's motion to dismiss in favor of arbitration. In doing so, the court held that the membership agreement was neither procedurally nor substantively unconscionable and that the plaintiffs assented to the

terms of the membership agreement (including the arbitration provision) when they clicked on the "toggle button" next to the phrase, "I ACCEPT TERMS AND CONDITIONS OF THE MEMBERSHIP AGREEMENT." *Id.* at \*\*14-24.  Here, it is submitted that this Court should follow that decision and enforce the unambiguous arbitration provision at issue in this matter.

In the alternative, if the Court is not inclined to compel arbitration, it is submitted that this action should be stayed pending resolution of the class arbitration.

## LEGAL ARGUMENT[1]

### I. The Court is Not the Proper Forum to Decide the Issue of Arbitrability

First, Plaintiff claims that arbitration should not be compelled because arbitrability must be decided by the Court – not an arbitrator.  Significantly, in support of this contention, she never once argues that the claims asserted in this litigation (including her breach of contract claim) are **not** within the scope of the broad arbitration provision.  As a result, even assuming Plaintiff is correct (which she is not), the claims easily fall within the broad scope of the unambiguous arbitration provision: "Any claim or dispute . . . including the validity of this clause, shall be resolved by binding arbitration".  *See* Kirsanov Moving Decl. at Exhibit 3.[2]

Next, Plaintiff contends that the decision by the Supreme Court in *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019) is distinguishable because she claims that she never entered into an agreement to arbitrate.  However, this position entirely misses the mark.  As discussed below, there is a valid and enforceable agreement to arbitrate.  Thus, since that is established, her argument simply fails.  Moreover, as set forth in *Henry Schein*, "[w]hen the parties' contract delegates the arbitrability question to an arbitrator . . . a court possesses no

---

[1] As noted in JetSmarter's moving papers, Florida law should apply to this dispute due to the enforceable choice-of-law provision contained in the membership agreement.  Because there is no meaningful conflict between Florida and Pennsylvania law regarding the issues raised in the opposition papers, JetSmarter will generally focus on Pennsylvania law in its reply.

3

power to decide the arbitrability issue." *Id.*  Also, as recognized in the *Rent-A-Center* decision, "parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy." *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68-69 (2010).

Again, since Plaintiff's only contention is that the parties never entered into an agreement to arbitrate, she does not even bother to cite or attempt to distinguish the authority cited in the moving papers confirming that the issues of arbitrability and the validity of the arbitration clause should be decided by the arbitrator when there is a delegation provision and the AAA Arbitration Rules are incorporated.  This legal authority cited in the moving papers should be followed and the Court should conclude that arbitrability must be decided by the arbitrator.

## II.     Plaintiff Accepted an Agreement to Arbitrate

Plaintiff's main argument in response to this motion is that she initially entered into an enforceable oral contract regarding JetSmarter's service which did not include an arbitration provision and she provided payment prior to agreeing to any additional terms.  This position is flawed.  For purposes of this motion, even if we were to assume that her discussions with JetSmarter over the phone somehow constituted a binding and enforceable agreement, it is undisputed that arbitration should still be compelled because Plaintiff entered into additional enforceable clickwrap agreements containing arbitration provisions (which she does not deny).[3]

---

[2] The other agreements all contain substantially similar provisions.  *See* Kirsanov Moving Decl.
[3] Notably, Plaintiff's position regarding the enforceability of the purported oral argument is contrary to well-established law: "The law in Pennsylvania is clear that where the parties adopt a writing as a complete expression of their agreement, and in the absence of fraud, accident, or mistake, any **prior or contemporaneous oral representations or agreements are superseded by the subsequent written contract**." *Lopresti v. Electro-Films, Inc.*, 1992 U.S. Dist. LEXIS 17446, at *11 (E.D. Pa. Oct. 19, 1992) (emphasis added).

4

First, it is undisputed that Plaintiff downloaded and registered the JetSmarter App. In doing so, she entered into an enforceable clickwrap agreement containing an arbitration provision. *See* Kirsanov Moving Decl. at ¶ 3-6 and Ex. 3 at § 15 ("any claim or dispute . . . shall be resolved by binding arbitration"). Irrespective of whether or not Plaintiff entered into a prior oral agreement, her acceptance of the Terms of Use by registering the App constitutes a valid and binding clickwrap agreement which included an arbitration provision. Indeed, she was only given access to the benefits of the JetSmarter App when she accepted the Terms of Use by swiping the white "button" on the "REGISTRATION" screen next to the phrase "I agree to Terms of Use and Privacy Policy." Again, if a person does not affirmatively "swipe" the white "button" and thereby indicate their agreement to JetSmarter's "Terms of Use and Privacy Policy," the user is unable to complete their registration or otherwise utilize the JetSmarter App. As such, Plaintiff agreed to arbitration when she finalized her registration of the JetSmarter App.

In opposition, Plaintiff claims that she never saw the arbitration provision, never clicked on the "Terms of Use" hyperlink, the terms did not automatically "pop up" on the screen, and there was no convenient way to print them out. These four contentions are not supported by any legal authority whatsoever and have been entirely rejected in connection with this circuit's routine enforcement of clickwrap agreements. *Defillipis v. Dell Fin. Services*, 2016 U.S. Dist. LEXIS 11271 (M.D. Pa. Jan. 29, 2016) (explaining that "clicking on the hyperlinked phrase is the twenty-first century equivalent of turning over the cruise ticket. In both cases, the consumer is prompted to examine terms of sale that are located somewhere else. Whether or not the consumer bothers to look is irrelevant.").

Moreover, in *Beture v. Samsung Elecs. Am., Inc.*, 2018 U.S. Dist. LEXIS 121801 (D.N.J. July 18, 2018), the court enforced an arbitration provision contained in clickwrap agreements

5

involving the purchase of certain cellular phones.  During the activation and set-up process and before the phone could be used, the user was required to accept the terms of the clickwrap agreement containing the arbitration provision.  *Id.*  Significantly, certain plaintiffs purchased their phones prior to accepting the terms of the clickwrap agreement; however, the court ***still*** concluded that the clickwrap agreements were enforceable and compelled arbitration.  *Id.*  The instant matter is similar to *Beture* because Plaintiff claims to have paid her initial membership fee over the phone and then subsequently accepted the terms of the clickwrap agreement when registering the JetSmarter App.  Based upon the decision in *Beture*, this court should conclude that the clickwrap agreement is enforceable and compel arbitration.

In her next attempt to invalidate her agreement to arbitrate, she claims that during the 2018 renewal process, she provided payment before accepting the terms and conditions.  However, as set forth above, even though Plaintiff entered into the clickwrap agreement after payment was made, she is still bound by its terms as it is an enforceable agreement and part of the renewal process.  As explained by JetSmarter, Plaintiff's account would only be "successfully reinstated through March 22, 2019" if she accepted JetSmarter's terms and conditions.  *See* Kirsanov Moving Decl. at ¶ 12.  Indeed, Plaintiff does not dispute the fact that she affirmatively clicked on the checkbox thereby accepting the terms.  As a result, Plaintiff agreed to JetSmarter's terms and conditions including the provision requiring arbitration.  *Id.*

Finally, the authority that Plaintiff does rely upon for her proposition that courts deny motions to compel arbitration in similar situations is easily distinguishable.  *Bacon v. Avis Budget Grp., Inc.*, 2017 U.S. Dist. LEXIS 88868 (D.N.J. June 9, 2017) is a New Jersey case with substantially different facts.  In that case, the threshold issue before the court was whether the agreements that were signed that incorporated another agreement by reference which contained

an arbitration provision was a valid agreement to arbitrate. The instant matter is markedly different as it deals with a clickwrap agreement entered into <u>after</u> payment was made and does not include an attempt to incorporate a separate agreement into the one that was executed.

*Dakota Foundry, Inc. v. Tromley Indus. Holdings*, 2012 U.S. Dist. LEXIS 1540 (D.S.D. Jan. 5, 2012), also cited by Plaintiff, is not binding or persuasive authority as it is a case from South Dakota applying South Dakota law involving various agreements and the issue of incorporation by reference again. Significantly, it did not involve a clickwrap agreement in which the plaintiff agreed to the membership agreements containing the dispute resolution provision on multiple occasions.

*Affinity Internet, Inc. v. Consol. Credit Counseling Servs.*, 920 So. 2d 1286 (Fla. Dist. Ct. App. 2006) is also inapposite as it is a case again involving the issue of incorporation by reference. *Quiles v. Fin. Exch. Co.*, 879 A.2d 281 (Pa. Super. Ct. 2005) does not apply either as that case involved an employment dispute wherein the plaintiff was never provided with the handbook containing the arbitration provision. Again, the instant matter involves an enforceable clickwrap agreement where Plaintiff actually admits that she was provided hyperlinks to the membership agreements and she simply did not click on them.

Put simply, none of these cases involve clickwrap agreements and the line of cases regarding incorporation by reference is simply irrelevant to the court's analysis in this matter.

**III.   The Arbitration Provision is Not Unconscionable**

Plaintiff's challenge to the arbitration provision as unconscionable falls flat. The defense of unconscionability requires **both** procedural and substantive unconscionability in order to void an arbitration provision and the party challenging the provision bears the burden of proving unconscionability. *See Clerk v. First Bank*, 735 F. Supp. 2d 170 (E.D. Pa. 2010).

7

First, the arbitration provision is not procedurally unconscionable. "Procedural unconscionability pertains to the process by which an agreement is reached and the form of an agreement, including the use therein of fine print and convoluted or unclear language." *O'Shea v. Direct Fin. Sols., LLC*, 2007 U.S. Dist. LEXIS 90079, at *8-9 (E.D. Pa. Dec. 5, 2007).

In support of this argument, Plaintiff claims that she had no "meaningful choice in accepting the **Terms and Conditions** she allegedly agreed to when signing up for the App." Brief in Opp. at 13 (emphasis added). This argument, of course, is easily deflated as it deals with the contract as a whole and is not specific as to the arbitration clause:

> [T]he Supreme Court has determined that a challenge to the validity of a contract as a whole, and not specifically to an arbitration clause, must be presented to the arbitrator and not the courts. *Salley v. Option One Mortg. Corp.*, 925 A.2d 115, 120 (Pa. 2007) (citation omitted).

In *O'Shea*, the plaintiff claimed that the agreement was unconscionable because of her "lack of bargaining power and choice as to the arbitration clause." 2007 U.S. Dist. LEXIS 90079, at *8-9. As the court correctly concluded, the plaintiff effectively attacked the contract as a whole rather than specifically demonstrating that the arbitration clause was procedurally unconscionable and held that "[t]he dispute must therefore be resolved by an arbitrator." *Id.*

Our matter is similar to *O'Shea* as Plaintiff here also claims that she did not have a meaningful choice in accepting the contract as a whole. Thus, this argument must be decided by the arbitrator. Even assuming *arguendo* that Plaintiff was actually attacking the arbitration provision itself and claiming that it was procedurally unconscionable due to the unequal bargaining power of the parties as to the specific terms of the arbitration provision, this too, is not a valid basis to establish unconscionability. *Grimm v. First Nat'l Bank*, 578 F. Supp. 3d 785, 796 (W.D. Pa. 2008) ("[T]he Third Circuit has repeatedly held that inequality in bargaining power, alone, is not a valid basis upon which to invalidate an arbitration agreement.").

As set forth above, even assuming Plaintiff is able to establish procedural unconscionability (which she cannot), in order to invalidate the arbitration provision, she must overcome a second hurdle and establish that the provision is substantively unconscionable as well.  This cannot be done.  Substantive unconscionability is found "where the terms of an arbitration provision or contract 'unreasonably favor' the party with the greater bargaining power."  *Id.* at 181.  "Essentially, an arbitration provision is substantively unconscionable if it 'create[s] an arbitration procedure that favors one party over another.'"  *Id.*

Without actually referencing the facts that the court should consider, Plaintiff simply claims that the arbitration agreement is substantively unconscionable because "it is unfair and unreasonable to Plaintiff."  Apparently unbeknownst to Plaintiff, the courts have delineated several factors that may be indicative as to whether an arbitration provision is substantively unconscionable.  *Black v. JP Morgan Chase & Co.*, 2011 U.S. Dist. LEXIS 99428, at *62 (W.D. Pa. Aug. 25, 2011) (citing cases and providing examples of substantive unconscionability including severe restrictions on discovery, high arbitration costs borne by one party, limitations on remedies, and curtailed judicial review).

Plaintiff does not advance any of these arguments.  Rather, her position is twofold.  First, she claims that she would have to "find an attorney in Florida".  This argument is rather illogical.  Why would she have to find an attorney in Florida as she already has an attorney in this action who presumably would agree to represent her in an arbitration hearing located in Florida?

Her second argument is equally unpersuasive as she claims that the location of the arbitration – in Florida – is more convenient for JetSmarter.  Aside from the fact that Plaintiff has not cited to any authority to support this position, it is well-settled that where an arbitration location favors one party over another, that does not make the agreement unconscionable.  *See*

9

*Elias Auto Sales, Inc. v. Credit Acceptance*, 2015 Pa. Dist. & Cnty. Dec. LEXIS 98, at *5 (C.P. Aug. 10, 2015) ("Simply because the arbitration location in Michigan favors defendant does not make the agreement unconscionable.").

Furthermore, none of the cases cited by Plaintiff actually support her position regarding unconscionability. *Salley*, 925 A.2d at 120 and *Gay v. CreditInform*, 511 F.3d 369 (3d Cir. 2008) both held that the subject arbitration agreement was not unconscionable under Pennsylvania law. *Witmer v. Exxon Corp.* had nothing to do with an arbitration agreement and actually held that the clauses in question were not unconscionable. 434 A.2d 1222 (Pa. 1981). And, *Denlinger, Inc. v. Dendler* actually involved the issue of whether a credit application was unconscionable and the court held that it was not. 415 Pa. Super. 164 (Pa. Super. Ct. 1992). Based upon the foregoing, Plaintiff's contention that the arbitration agreement should somehow be invalidated because it is unconscionable is entirely without merit and should be disregarded.

### IV.    Alternatively, a Stay of This Action is Appropriate

Plaintiff does not dispute any of the law cited in the moving papers permitting a stay nor does she submit any of her own authority. Rather, she merely claims that she will opt out of the class upon receipt of the class notice. This position, of course, is premature given that at the time of her opposition, she was not yet aware of the relief afforded to the class members. Significantly, a settlement was reached in the class arbitration and the arbitrator recently issued a Partial Award preliminarily approving the settlement. *See* Gushue Reply Decl. at ¶ 3-8. Moreover, notice of the settlement has been issued to all class members including Plaintiff and they will <u>now</u> have the opportunity to opt out. *Id.* Further, the Partial Award limits the prosecution of actions against JetSmarter unless and until the class member submits a timely request for exclusion. *Id.* As a result, given the clear lack of any prejudice to Plaintiff, a stay should be entered in the event arbitration is not compelled.

## CONCLUSION[4]

Based upon the foregoing, it is respectfully requested that the Court dismiss this action and compel arbitration.

                                                 **GORDON REES SCULLY MANSUKHANI LLP**
                                                 *Attorneys for Defendant*

                                                 By: */s/ Ronald A. Giller*
Dated: April 11, 2019                                    Ronald A. Giller, Esq.

---

[4] Plaintiff's contention that additional discovery is somehow necessary to decide this motion is false. Plaintiff entered into enforceable agreements when she registered the App and during her 2018 renewal. As such, further development of the record is unnecessary.