# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ZABOKRITSKY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JETSMARTER, INC. | : | NO. 19-273 |

## MEMORANDUM OPINION

**Savage, J.**                                                                 **June 20, 2019**

The issue in this breach of contract and fraud case is whether plaintiff Florence Zabokritsky is bound by the arbitration provision in her membership agreement with defendant JetSmarter, Inc. Moving to dismiss or compel arbitration, JetSmarter argues that Zabokritsky agreed to arbitrate all claims relating to her agreement with JetSmarter and an arbitrator must determine the arbitrability of the dispute. It points out that courts have enforced the same arbitration provision in other cases raising the same claims.[1] Zabokritsky responds that she never agreed to arbitration and that this court may decide the issue of arbitrability after allowing for discovery. Additionally, she argues that her agreement with JetSmarter is unconscionable.

We agree with JetSmarter that the arbitration agreement is valid and that the arbitrator determines the arbitrability of the parties' dispute. Therefore, we shall grant JetSmarter's motion to the extent it seeks to compel arbitration.

---

[1] See Porcelli v. JetSmarter, Inc., No. 19 Civ. 2537, 2019 WL 2371896 (S.D.N.Y. June 5, 2019) (unopposed motion); Liceaga v. JetSmarter, No. 19 C 0107, (N.D. Ill. May 28, 2019), ECF No. 11-2; Pieczynski v. JetSmarter, Inc., No. 19-60588 (S.D. Fla. May 1, 2019) (unopposed motion), ECF No. 11-1. Bachewicz v. JetSmarter, Inc., No. 18-cv-62570, 2019 WL 1900332 (S.D. Fla. Apr. 29, 2019); Laine v. JetSmarter, Inc., No. 18-CV-1647, 2019 WL 1459056 (E.D. Wis. Apr. 2, 2019) (magistrate judge opinion); Abraham v. JetSmarter Inc., No. BC 716486 (Cal. Super. Ct. Feb. 20, 2019), ECF No. 3-15.

## Background

JetSmarter provides its members access to private aviation via its mobile application.[2] It does not own any aircraft. Instead, it pays private aircraft owners to allow JetSmarter's members to fly on their planes and helicopters.[3]

Zabokritsky, a frequent flier, contacted JetSmarter about purchasing a membership.[4] A representative told her that for an annual fee of $9,000 her membership would provide free flights in the United States where JetSmarter had service and free helicopter transfers between New York City and Westchester County Airport.[5] On March 22, 2016, Zabokritsky purchased a membership and paid the $3,000 initiation fee.[6]

JetSmarter members must download the JetSmarter mobile application to create an account.[7] The initial screen includes a red hyperlink to JetSmarter's "Terms & Conditions."[8] It is visible without requiring the user to scroll.[9] Tapping the Terms and Conditions hyperlink takes the user to the "Terms of Use," including the "Dispute Resolution" provision.[10] This provision provides in part:

> Any claim or dispute arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof or the use of the Service or

---

2 Compl. ¶ 7, ECF No. 1.

3 Id. ¶ 8.

4 Id. ¶¶ 19-20.

5 Id. ¶¶ 21-22, 24.

6 Id. ¶ 24.

7 Kirsanov Decl. ¶ 2, ECF No. 3-2.

8 Id. ¶ 3.a & Ex. 1 at 2, ECF No. 3-3 (App'x 2).

9 Id. ¶ 3.a.

10 Id. ¶ 3.a & Ex. 1 at 2-4 (App'x 2-4).

> Application (collectively, "Disputes") between the Parties and/or against any agent, employee, successor, or assign of the other, whether related to this agreement or the relationship or duties contemplated herein, including the validity of this clause shall be resolved exclusively by binding arbitration by the American Arbitration Association [AAA]

. . . .[11]

By clicking on the arrow in the upper left corner of the screen, the user returns to the initial screen, where she must tap the "CREATE ACCOUNT" hyperlink.[12] Doing so takes her to two screens to enable "location services" and "push notifications," and then to two "REGISTRATION" screens.[13] She enters personal information and creates a password on the two registration screens.[14] To complete the registration process, she has to slide a button next to the text, "I agree to Terms of Use and Privacy Policy."[15] "Terms of Use" is a red hyperlink, and clicking on it leads to the Dispute Resolution provision.[16]

Zabokritsky renewed her membership in March of 2017.[17] In the following months, JetSmarter imposed restrictions on its flights and discontinued free helicopter transfers.[18] Nonetheless, on March 22, 2018, Zabokritsky again renewed her membership.[19] When

---

11 *Id.* Ex. 1 at 4-5 (App'x 4-5).

12 *Id.* ¶ 3.a & Ex. 1 at 2, 4-5 (App'x 2, 4-5).

13 *Id.* ¶ 3.b-3.d & Ex. 1 at 6-9 (App'x 6-9).

14 *Id.* ¶ 3.c-3.d & Ex. 1 at 8-9 (App'x 8-9).

15 *Id.* ¶ 3.d-3.d & Ex. 1 at 9 (App'x 9).

16 *Id.* ¶ 3.d-3.d & Ex. 1 at 9, 11-12 (App'x 9, 11-12).

17 Compl. ¶ 27.

18 *Id.* ¶¶ 27-29.

19 *Id.* ¶ 30.

she did, she received a message through the mobile application: "If you can please accept the terms and conditions in the link below, your account will be successfully reinstated through March 22, 2019."[20] The message included a red hyperlink to "JetSmarter Terms & Conditions." Clicking on it took the user to the "MEMBERSHIP TERMS AND CONDITIONS."[21]

Near the bottom of this page was an empty box next to "I ACCEPT TERMS AND CONDITIONS OF THE MEMBERSHIP AGREEMENT," with the hyperlinked portion in red.[22] Immediately below this was a paragraph stating in relevant part:

> The Membership Agreement may be amended or modified from time to time and [is] [sic] available for review at https://jetsmarter.com/legal/membership-agreement/. It is the Member's sole responsibility to review and abide by all of the terms and conditions of the Membership Agreement and all applicable service terms and conditions, as amended from time to time.[23]

Clicking on either hyperlink takes the user to the full Membership Agreement, including the Dispute Resolution provision.[24] To renew the account, the user must check the box next to the first hyperlink.[25] After doing so, Zabokritsky messaged JetSmarter through the application, "Done. Thank you."[26]

---

20 Kirsanov Decl. ¶ 12 & Ex. 7 at 2, ECF No. 3-9.

21 *Id.* ¶¶ 12-13, Ex. 7 at 2, Ex. 8 at 2, ECF No. 3-10.

22 *Id.*, Ex. 8 at 2.

23 *Id.*, Ex. 8 at 2.

24 *Id.* ¶ 17. *See also id.*, Ex. 5 at ¶ 18, Doc No. 3-7.

25 *Id.* ¶ 15.

26 *Id.* ¶ 16.

By the summer of 2018, after JetSmarter stopped offering free flights, Zabokritsky requested a refund of her membership.[27] This suit alleging breach of contract, fraudulent inducement and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 9.3, followed.

## Analysis[29]

Under the Federal Arbitration Act, "[a] party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." *Alexander v. Anthony Int'l, L.P.*, 341 F.3d 256, 263 (3d Cir. 2003) (citing 9 U.S.C. §§ 3-4). Where the plaintiff fails to "respond[ ] to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue," the motion is considered under a Rule 12(b)(6) standard. *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013).

### The Agreement to Arbitrate

In evaluating the arbitrability of a dispute, the court must determine whether a valid agreement to arbitrate exists and, if so, whether the dispute falls within the scope of the agreement. *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009) (citing *Quiles v. Fin. Exch. Co.*, 879 A.2d 281, 283 n.3 (Pa. Super. Ct. 2005)) (additional citations omitted). Under Pennsylvania law, the elements of an agreement are: (1) both

---

[27] Compl. ¶¶ 31, 37.

[28] *Id.* ¶ 37.

[29] The Membership Agreement contains a Florida choice-of-law provision. Kirsanov Decl., Ex. 5 at ¶ 17. However, the parties primarily cite Pennsylvania law in their briefing. As JetSmarter points out, there is no meaningful conflict between Florida and Pennsylvania law regarding the issues raised in this matter. Def.'s Reply at 3 n.1, ECF No. 8. Accordingly, we apply Pennsylvania law.

parties must manifest an intention to be bound by the agreement; (2) the terms of the agreement must be sufficiently definite; and (3) there must be consideration. *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002). JetSmarter has satisfied all three elements.

Zabokritsky agreed to arbitration when she set up her account in the application by sliding a button to indicate her agreement to the Terms of Use and again when she renewed her account in 2018 by checking the box to indicate her acceptance of the Membership Agreement. Such agreements are known as "clickwrap agreements."[30] *See Specht v. Netscape Commc'ns Corp.*, 306 F.3d 17, 22 n.4 (2d Cir. 2002); *Noble v. Samsung Elec. Am., Inc.*, 682 F. App'x 113, 117 n.5 (3d Cir. 2017). A clickwrap agreement "presents the user with a message on his or her computer screen, requiring the user to manifest his or her assent to the terms of the . . . agreement by clicking on an icon." *Specht*, 306 F.3d at 22 n.4. *See also Noble*, 682 F. App'x at 117 n.5 ("Clickwrap agreements are terms that appear on a consumer's computer screen and to which a consumer can manifest assent by clicking on an icon indicating agreement.") (citation omitted). The user is unable to access the product "unless or until the icon is clicked." *Specht*, 306 F.3d at 22 n.4. Whether the user actually reads the terms to which she assents is immaterial. "Absent a showing of fraud, failure to read an enforceable clickwrap agreement, as with any binding contract, will not excuse compliance with its

[30] As the Ninth Circuit has explained: "Contracts formed on the Internet come primarily in two flavors: 'clickwrap' (or 'click-through') agreements, in which website users are required to click on an 'I agree' box after being presented with a list of terms and conditions of use; and 'browsewrap' agreements, where a website's terms and conditions of use are generally posted on the website via a hyperlink at the bottom of the screen." *See Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1175-76 (9th Cir. 2014). The validity of browsewrap agreements "depends on whether the user has actual or constructive knowledge of a website's terms and conditions." *Id.* at 1176.

terms." *Feldman v. Google, Inc.*, 513 F. Supp. 2d 229, 236 (E.D. Pa. 2007) (citing *Specht*, 306 F.3d at 30) (additional citations omitted).

Nonetheless, Zabokritsky argues that courts have denied motions to compel arbitration where the plaintiff pays for services before receiving a copy of the agreement containing an arbitration clause.[31] However, the cases she cites all address whether a separate document containing an arbitration provision and incorporated by reference had been made available to the plaintiff.[32] These cases are irrelevant because Zabokritsky affirmatively accepted JetSmarter's hyperlinked Terms and Conditions when she set up and later renewed her account.

The arbitration provision in the Terms and Conditions provided that any dispute relating to the agreement, including the provision itself, "shall be resolved exclusively by binding arbitration" by AAA in accordance with its Commercial Rules.[33] Commercial Rule 7(a) provides: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." AAA COMMERCIAL R. 7(a).

---

[31] *Id.* 11.

[32] *See Bacon v. Avis Budget Grp., Inc.*, No. 16-5939, 2017 WL 2525009, at *8 (D.N.J. June 9, 2017) (questions of whether car rental customers understood separate "jackets" to be incorporated into rental agreement and whether jackets "were available for the customers' inspection" required discovery before court could decide arbitrability of claims); *Dakota Foundry, Inc. v. Tromley Indus. Holdings, Inc.*, No. 1:11-CV-01026, 2012 WL322440, at *2, *4 (D.S.D. Jan. 5, 2012) (court could not decide arbitrability where there was question "as to whether defendant validly and timely conveyed the terms and conditions to plaintiff by including them on the back side of some of the transmittal forms accompanying drawings sent for plaintiff to review" one month after alleged formation of agreement); *Quiles*, 879 A.2d at 283-84 (trial court's denial of petition to compel arbitration affirmed where employee was forced to sign form acknowledging receipt of handbook including arbitration provision but request for copy of handbook was denied); *Affinity Internet, Inc. v. Consol. Credit Counseling Servs., Inc.*, 920 So.2d 1286, 1288 (Fla. Dist. Ct. App. 2006) (trial court's denial of petition to compel arbitration affirmed where "[n]ot only was the collateral document not attached to the contract, but [plaintiff] also was never at any time subsequent to the signing of the contract given a copy of the collateral document or the information contained therein").

[33] Kirsanov Decl., Ex. 1 at 4-5.

"When the parties' contract delegates the arbitrability question to an arbitrator," the arbitrator must determine whether the dispute falls within the scope of the agreement. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, -- U.S. -- (2019). Here, the parties' agreement and the incorporated AAA Rules commit the threshold question of arbitrability to the arbitrator, not a court. *See Henry Schein, Inc.*, 139 S. Ct. at 530. Because a valid arbitration agreement exists and the agreement delegates the question of arbitrability to the arbitrator, we shall grant JetSmarter's motion to compel arbitration.

*Unconscionability*

"[A] challenge to 'the validity of the contract as a whole, as opposed to the arbitration clause in particular, does not present a question of arbitrability.'" *Quilloin v. Tenet Health Sys. Phila., Inc.*, 673 F.3d 221, 229 (3d Cir. 2012) (quoting *Puleo v. Chase Bank USA, N.A.*, 605 F.3d 172, 180 n.4 (3d Cir. 2010); citing *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445-46 (2006); *Rent-A-Center v. Jackson*, 561 U.S. 63, 130 S. Ct. 2772, 2778 (2010)). This distinction stems from the severability of an agreement to arbitrate. *Id.* "[R]egardless of whether a contract as a whole is valid, agreements to arbitrate are severable from a larger contract, and may therefore be separately enforced and their validity separately determined." *Id.* (citing *Rent-A-Center*, 130 S. Ct. at 2778). Therefore, the challenge must be to the arbitration provision itself for the court to consider it. *Id.* (quoting *Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 404 (1967)).

Although Zabokritsky makes her unconscionability argument under the heading, "JETSMARTER'S AGREEMENT TO ARBITRATE IS UNCONSCIONABLE," she challenges not only

that agreement, but *all* the Terms and Conditions.[34] She contends that once she paid the non-refundable $12,000 combined initiation and first-year membership fee, all contractual terms were unconscionable because "she had no opportunity to negotiate any further or even decline to proceed with the contract without losing her money."[35] This challenge to the contract as a whole distinguishes this case from one in which the plaintiff contends only that the arbitration provision is unenforceable.[36] Cf. *id.* at 230. Accordingly, the arbitrator must determine the validity of the Terms and Conditions, including the arbitration provision.

## Conclusion

The arbitration agreement is valid and commits the issue of arbitrability to the arbitrator. Therefore, we shall grant JetSmarter's motion to compel arbitration.

---

34 Pl.'s Opp'n to Def.'s Mot. to Dismiss at 7-8, ECF No. 7.

35 *Id.* at 8.

36 To the extent that Zaboritsky argues that the agreement to arbitrate itself is unenforceable, we find that it is not substantively unconscionable. Even if Zaboritsky had no opportunity to negotiate the terms of the arbitration provision, its terms do not unreasonably favor JetSmarter. Zaboritsky complains about the inconvenience of arbitrating in Florida, but the provision does not contain unfair procedural rules that prejudice her ability to gain a fair resolution of her claims. It does "not alter or limit the rights and remedies available" to her. See *Quilloin*, 673 F.3d at 230. Nor does it impose stringent or unreasonable time limits on her ability to make claims. See *id.* at 234.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FLORENCE ZABOKRITSKY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JETSMARTER, INC. | : | NO. 19-273 |

### ORDER

**NOW,** this 20th day of June, 2019, upon consideration of the Motion to Dismiss and Compel Arbitration by Defendant Jetsmarter, Inc. (Document No. 3), the plaintiff's response, and the defendant's reply, it is **ORDERED** that the motion is **GRANTED** to the extent that it seeks to compel arbitration.

**IT IS FURTHER ORDERED** as follows:

1. The parties shall submit their dispute to arbitration pursuant to the terms of the dispute resolution provision of the parties' agreement;

2. All proceedings in this action are **STAYED** pending arbitration of the plaintiff's claims; and,

3. The Clerk of Court shall **CLOSE** this action administratively.

_____

TIMOTHY J. SAVAGE, J.

# APPENDIX



App Store
10:28 AM
92%
CREATE ACCOUNT
LOG IN
By using JetSmarter service, you agree to our
Terms & Conditions and Privacy Policy

App Store ...ɪɪ ☁      10:30 AM      ⚡ ✳ 92% ▭ ⚡

←        TERMS & CONDITIONS

**TERMS OF USE**

# Terms of Use

The terms and conditions stated herein (collectively, the "Agreement") constitute a legal agreement between you and JetSmarter Inc., a Delaware corporation ("JetSmarter" or the "Company"). In order to use the Service (defined below) and the associated Application (defined below) you must agree to the terms and conditions that are set out below. By using or receiving any services supplied to you by JetSmarter (collectively, the "Service"), and by downloading, installing or using any associated application or web service supplied by JetSmarter which purpose is to enable you to use the Service (collectively, the "Application"), you hereby expressly acknowledge and agree to be bound by the terms and conditions of the Agreement, and any future amendments and additions to this Agreement as published from time to time on JetSmarter's website and the JetSmarter mobile application.

JetSmarter reserves the right to modify the terms and conditions of this Agreement or its policies relating to the Service or Application at any time, effective upon posting of an updated version of this Agreement on the Service or Application. You are responsible for regularly reviewing this Agreement. Continued use of the Service or Application after any such changes shall constitute your consent to such changes. JetSmarter also reserves the



.ıll Verizon 🤝          10:36 AM          🔦 🕸 94% 🔋⚡

TERMS & CONDITIONS

←

**TERMS OF USE**

# DISPUTE RESOLUTION

Any claim or dispute arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof or the use of the Service or Application (collectively, "Disputes") between the Parties and/or against any agent, employee, successor, or assign of the other, whether related to this agreement or the relationship or duties contemplated herein, including the validity of this clause, shall be resolved exclusively by binding arbitration by the American Arbitration Association, under the Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes then in effect, by a sole arbitrator. Except that each party retains the right to bring an individual action in small claims court and the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation or violation of a party's copyrights, trademarks, trade secrets, patents or other intellectual property rights. The existence and content of the arbitration proceedings and any rulings or award shall be kept confidential except (i) to the extent that disclosure may be required of a party to fulfill a legal duty, protect or pursue a legal right, or enforce or challenge an award in bona fide legal proceedings before a state court or other judicial authority, or (ii) with the written consent of all parties. Notwithstanding anything to the contrary, either party may disclose matters relating to the arbitration or



10:36 AM    7 ⚹ 94% 🔋

TERMS & CONDITIONS   →

**TERMS OF USE**

parties. Notwithstanding anything to the contrary, either party may disclose matters relating to the arbitration or the arbitration proceedings where necessary for the preparation or presentation of a claim or defense in such arbitration. You acknowledge and agree that you and JetSmarter are each waiving the right to a trial by jury or to participate as a plaintiff or class User in any purported class action or representative proceeding. Further, unless both you and JetSmarter otherwise agree in writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of any class or representative proceeding. If this specific paragraph is held unenforceable, then the entirety of this "Dispute Resolution" section will be deemed void. Except as provided in the preceding sentence, this "Dispute Resolution" section will survive any termination of this Agreement. The place of arbitration shall be Broward County, Florida.

## GENERAL

Except for those agency relationships specifically referenced in the JetSmarter Membership and Flight Booking Terms and Conditions, no joint venture, partnership, employment, or agency relationship exists between you, JetSmarter or any third party provider as a result of this Agreement or use of the Service or Application. If any provision of the Agreement is held to be invalid or unenforceable, such provision shall be struck and





Verizon
10:42 AM
95%
SKIP
NEVER MISS
A DEAL NEAR YOU
Enable location services to get real-time
updates on flight offers in your area
ENABLE

Verizon
10:53 AM
97%
REGISTRATION
Email
Password
Phone number with country code
+ 1
We will send you an SMS to ensure the phone number is valid.
NEXT

Verizon
10:57 AM
97%
REGISTRATION
First Name
Last Name
Promo Code
I agree to Terms of Use and Privacy Policy.
REGISTER

Verizon     11:02 AM     98%

TERMS OF USE

TERMS OF USE

# Terms of Use

The terms and conditions stated herein (collectively, the "Agreement") constitute a legal agreement between you and JetSmarter Inc., a Delaware corporation ("JetSmarter" or the "Company"). In order to use the Service (defined below) and the associated Application (defined below) you must agree to the terms and conditions that are set out below. By using or receiving any services supplied to you by JetSmarter (collectively, the "Service"), and downloading, installing or using any associated application or web service supplied by JetSmarter which purpose is to enable you to use the Service (collectively, the "Application"), you hereby expressly acknowledge and agree to be bound by the terms and conditions of the Agreement, and any future amendments and additions to this Agreement as published from time to time on JetSmarter's website and the JetSmarter mobile application.

JetSmarter reserves the right to modify the terms and conditions of this Agreement or its policies relating to the Service or Application at any time, effective upon posting of an updated version of this Agreement on the Service or Application. You are responsible for regularly reviewing this Agreement. Continued use of the Service or Application after any such changes shall constitute your consent to such changes. JetSmarter also reserves the



# DISPUTE RESOLUTION

Any claim or dispute arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation or validity thereof or the use of the Service or Application (collectively, "Disputes") between the Parties and/or against any agent, employee, successor, or assign of the other, whether related to this agreement or the relationship or duties contemplated herein, including the validity of this clause, shall be resolved exclusively by binding arbitration by the American Arbitration Association, under the Commercial Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes then in effect, by a sole arbitrator. Except that each party retains the right to bring an individual action in small claims court and the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation or violation of a party's copyrights, trademarks, trade secrets, patents or other intellectual property rights. The existence and content of the arbitration proceedings and any rulings or award shall be kept confidential except (i) to the extent that disclosure may be required of a party to fulfill a legal duty, protect or pursue a legal right, or enforce or challenge an award in bona fide legal proceedings before a state court or other judicial authority, or (ii) with the written consent of all parties. Notwithstanding anything to the contrary, either party may disclose matters relating to the arbitration or



small claims court and the right to seek injunctive or other equitable relief in a court of competent jurisdiction to prevent the actual or threatened infringement, misappropriation or violation of a party's copyrights, trademarks, trade secrets, patents or other intellectual property rights. The existence and content of the arbitration proceedings and any rulings or award shall be kept confidential except (i) to the extent that disclosure may be required of a party to fulfill a legal duty, protect or pursue a legal right, or enforce or challenge an award in bona fide legal proceedings before a state court or other judicial authority, or (ii) with the written consent of all parties. Notwithstanding anything to the contrary, either party may disclose matters relating to the arbitration or the arbitration proceedings where necessary for the preparation or presentation of a claim or defense in such arbitration. You acknowledge and agree that you and JetSmarter are each waiving the right to a trial by jury or to participate as a plaintiff or class User in any purported class action or representative proceeding. Further, unless both you and JetSmarter otherwise agree in writing, the arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of any class or representative proceeding. If this specific paragraph is held unenforceable, then the entirety of this "Dispute Resolution" section will be deemed void. Except as provided in the preceding sentence, this "Dispute Resolution" section will survive any termination of this Agreement. The place of arbitration shall be Broward County, Florida.

App Store
11:12 AM
99%
REGISTRATION
First Name
Last Name
Promo Code
I agree to Terms of Use and Privacy Policy.
REGISTER